The opinion of the general court was delivered by
MASON, J.
By the 4th section of the act to reduce into one the several acts concerning public roads and for establishing public landings, passed February 2, 18X9, (2 Rev. Code, ch. 236, p. 234,) the several county courts are directed to divide the roads into precincts, “and appoint a surveyor over every precinct, whose duty it shall be to superintend the road in his precinct, and see that the same be cleared, and kept in good repair.”
*To enable him to perform this public duty, a portion of the tithables are to labour under his superintendence. If such tithables fail to work, they are liable to a fine, to be ascertained by any justice of the peace. To enable the surveyor to enforce this penalty of the law, the same act requires of the county court to make an appointment of all male labouring persons over sixteen years of age, except such as are masters of two or moremalelabouringslaves of that age, to work on some public road. The failure of the county court to make such appointment, or to ratify and approve the assignment which may be made by their order, may protect the tithables from the penalty of a refusal to work; but their refusal cannot be ascertained until the surveyor attempts to perform his duty. But this contingent defence of the tithables is no excuse for the surveyor, for a failure to perform his duty. In this case it appears that they did not refuse to work before the finding of the indictment, and that, without a new assignment, they did work and put the road in repair, shortly after that occurrence.
Upon the whole case, a majority of the court are of opinion, in answer to the 3d question, that the defendant’s motion for a new trial ought to be overruled, and judgment entered on the verdict; and they deem it unnecessary to decide the other questions.
CHRISTIAN, J.
I dissent from the opinion of the court pronounced in this case. The court below, it seems, instructed the jury that there was no legal assignment of hands to work on the road over which the defendant was the surveyor; and also that it was the duty of the county court to make such *232 assignment. From the evidence it appears that, in point of fact, no such assignment was made by the county court. This being so, to give a judgment against the defendant upon the finding of the jury, would be to impose a fine «upon him for not keeping his road in repair, when he had no means legally to enable him to do so. No hands having been assigned to work on the road, there were of course none which he could compel (in the way designated by the statute) to work on it; and if he could not compel them, he ought not to be liable for failing to do what he was only required to do by reason of the law which gave him authority to compel the hands to work. I hold it to be sound in principle, that if the law impose a public duty upon any one, and require the court to furnish him certain prescribed means of performing that duty, he is not liable to be punished for not performing it, if the court has not furnished the means prescribed, although it may appear that he might have performed the duty notwithstanding. The decision in this case, in my opinion goes the length of requiring a man to whom a particular duty is by law assigned, and the means of performing it designated, to execute that duty although the means have not been furnished, if it shall appear that he might otherwise have performed it. I think therefore, that the verdict should be set aside, and a new trial awarded the defendant.